UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HONGSEOK SEO, | CASE NO. 2:26-cv-00287-LK |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| v. | |
| SAN FRANCISCO ASYLUM OFFICE et al., | |
| Defendants. | |

This matter comes before the Court on Hongseok Seo's Motion to Appoint Counsel. Dkt No. 8. For the reasons stated below, the Court denies the motion.

Mr. Seo filed a complaint *in forma pauperis*, alleging that the United States Citizenship and Immigration Services ("USCIS") San Francisco Asylum Office and USCIS Texas Service Center violated his constitutional rights. *See* Dkt. No. 7 at 2–4. As best as the Court can surmise, it appears that Mr. Seo seeks a writ of mandamus for USCIS to adjudicate his asylum claim. *See id.* at 5 (seeking "writ of [m]andamus" regarding "I-589 case" and "EAD card"). Mr. Seo requests that the Court appoint him counsel because he has struggled to find legal "help[.]" Dkt. No. 8 at 2.

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

"Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). Still, the Court has discretion to "request" appointment of counsel for indigent litigants pursuant to section 1915(e)(1) in "exceptional circumstances[.]" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (first quoting 28 U.S.C. § 1915(e)(1), and then quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). To determine if exceptional circumstances exist, Courts must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation modified).[1]

The court has limited resources to appoint attorneys in civil cases. Having considered Mr. Seo's likelihood of success and the complexity of the legal issues involved, *see generally* Dkt. Nos. 7–8, the court finds Mr. Seo has not demonstrated exceptional circumstances warranting the appointment of counsel at this time. *See, e.g.*, *Malenko v. U.S. Citizenship & Immigr. Serv. (USCIS)*, No. 2:24-CV-03098-DJC-CKD PS, 2025 WL 1094356, at *2 (E.D. Cal. Mar. 11, 2025) (denying pro se plaintiff's request for counsel in mandamus action when exceptional circumstances not demonstrated). "While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of 'exceptional circumstances.'" *Hernandez v. Faulkner*, No. 3:24-CV-00278-ART-CLB, 2026 WL 257440 (D. Nev. Jan. 30, 2026) (quoting *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc)).

---

[1] In Title VII cases, the Court may seek to appoint counsel "upon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Mr. Seo acknowledges that he "seeks relief under federal statutes protecting civil rights," but his complaint is not "an employment discrimination under Title VII[.]" Dkt. No. 8 at 1.

ORDER DENYING MOTION TO APPOINT COUNSEL - 2

Accordingly, the Court denies Mr. Seo's motion for appointment of counsel.

Dated this 9th day of April, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3